PARIENTE, J.,
concurring in result.
I concur in affirming the denial of post-conviction relief and rejecting Tanzi’s ineffective assistance of counsel claim, but I would focus only on Tanzi’s failure to establish prejudice. Simply stated, even when considering counsel’s questionable actions in calling Dr. Vicary as an expert and in failing to provide him with Tanzi’s videotaped confession, Tanzi is unable to establish prejudice in this case.
*498 As the facts recited by the majority opinion reveal, this murder is unquestionably one of the most aggravated murders — not just as compared to all other murders, but as compared to all death penalty cases. The fact that the trial court correctly found six separate statutory aggravators, all deservedly given greatest weight, reinforces this conclusion — as does the jury’s unanimous recommendation of death. None of the testimony put forth at the evidentiary hearing casts any doubt whatsoever on the existence or strength of these aggravators. Further, while the trial court found mitigators that were entitled to some weight or small weight, including mental health mitigation, it is difficult to imagine any additional mitigation that would serve to outweigh the aggravation.
The reason I would focus on prejudice is because I question counsel’s performance, and more specifically, his decision to call Dr. Vicary as an expert in the case. Counsel knew that Dr. Vicary would be, and in fact was, subject to significant impeachment based on his admission to altering his notes in another murder case — the infamous Menendez brothers’ murder trial in California. Although counsel claimed that the decision was based on the fact that Dr. Vicary was the only expert to testify to a bipolar disorder, Tanzi clearly had other experts who could and did testify to the serious mental health issues Tanzi suffered throughout his life. Coupled with not providing Dr. Vicary with Tanzi’s videotaped confession, I have concerns as to counsel’s deficient performance in this regard. However, I ultimately conclude that in no way does this failure undermine confidence in the outcome of the penalty phase, given the facts of this crime, the six statutory aggravators, and the “new” mitigation now presented.
In addition, I agree with the majority that Tanzi failed to establish prejudice regarding his other ineffective assistance of counsel claims. Tanzi claims that his counsel was ineffective for failing to present evidence of Tanzi’s XYY genotype, a claim that at first blush seemed a fruitful avenue. However, after considering all of the evidence submitted in support of this claim, the genetic abnormality did not amount to a change in the evaluation of the mental health mitigation because no expert could link the abnormality to any specific mental illness that Tanzi might have suffered, nor could it otherwise explain his unfathomable actions in committing this horrendous crime.
Further, Tanzi suggests his counsel was ineffective in failing to present the testimony of Tanzi’s abuser. However, as the trial court observed, presenting testimony from the individual who abused Tanzi would have weakened the mitigation because this witness minimized the nature of the sexual abuse that he committed against Tanzi.
In short, based on the total absence of demonstrated prejudice, I concur in affirming the denial of postconviction relief.